**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MILTON MUSA PACHECO,**

                                        **Plaintiff,**

          **v.**                                        **9:07-CV-850**
                                                          **(FJS/GHL)**
**GEORGE E. PATAKI; ELLIOT SPITZER;**
**ANTHONY ELLIS; GEORGE B. ALEXANDER;**
**E. WOODS; BRIAN FISHER; LUCIEN J.**
**LECLAIRE, JR.; JOHN and/or JANE DOES;**
**and ROBERT DENNISON, Chairman of the**
**Parole Board,**

                              **Defendants.**
_____

**APPEARANCES**                          **OF COUNSEL**

**MILTON MUSA PACHECO**
**79-B-0064**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                  **KRISTA A. ROCK, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

          Currently before the Court are Plaintiff Milton Musa Pacheco's motions for a temporary

restraining order, for a preliminary injunction, and for leave to amend his Amended Complaint.

*See* Dkt. Nos. 45, 46, 48.  Plaintiff has also filed an appeal, *see* Dkt. No. 39, from Magistrate

Judge Lowe's November 24, 2008 Order, *see* Dkt. No. 36.


## II. DISCUSSION

**A.     Plaintiff's motions for injunctive relief**

Plaintiff seeks an Order "directing [D]efendants – Brian Fisher, and, Lucien J. LeClaire,

Jr., along with any or all of their Correctional Staff/employees to not confiscate, damage, destroy,

interfere, punish, retaliate and withhold [P]laintiff [sic] personal property, including all '<u>active</u>

<u>legal materials</u>' and '<u>religious articles</u>.'"  *See* Dkt. No. 45 at 1.  Plaintiff also seeks an Order

directing Defendants Fisher and LeClaire to "exempt [Plaintiff] (<u>personally</u>) from meeting the

property limit" set forth in newly revised Department of Corrections (DOCS) Directive # 4913.[1]

*See* Dkt. No. 45-4 at 14.  Plaintiff further clarifies his request for injunctive relief by asserting

that he is not challenging the implementation of DOCS Directive # 4913 *per se* but is seeking to

"exclude active legal materials and religious articles from the establish[ed] property limits of the

revised directive # 4913 (10/23/08)."  *See* Dkt. No. 64 at 3.

A preliminary injunction is an "extraordinary remedy and should not be routinely granted

. . . ."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted).  In most cases, to

warrant the issuance of a preliminary injunction, a movant must show "(1) irreparable harm, and

(2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to

the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping

---

[1] Plaintiff indicates that he is not asking that DOCS Directive 4913 be repealed.  *See* Dkt.
No. 45-4 at 14.

decidedly in [favor of the moving party].'" *D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard is higher.  *D.D. ex rel. V.D.*, 465 F.3d at 510.  "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted), a standard especially appropriate when a preliminary injunction is sought against government.  *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006)."  *Id.*  "The same standards govern consideration of an application for a temporary restraining order."  *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. July 31, 2008) (citing *Therrien v. Martin*, 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D. Conn. Oct. 19, 2007)).

> "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman*, 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose*, at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or

> harm which not even the moving party contends was caused by the
> wrong claimed in the underlying action.").

*Candelaria*, 2006 WL 618576, at *3.

In other words, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief because the allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his Amended Complaint, Plaintiff claims, among other things,[2] that while he was incarcerated at Clinton Correctional Facility in 2006, Defendant Woods confiscated his property and legal documents and that Defendants Fisher and LeClaire failed to intervene to correct the alleged wrongdoing despite receiving notice from Plaintiff that his property had been confiscated. *See* Dkt. No. 13. In his motion for injunctive relief, Plaintiff, for the first time, claims that DOCS Directive # 4913, effective January 1, 2009, will cause him irreparable harm in that he will be forced to relinquish some of his personal property, including legal documents and religious articles. Clearly, the allegations that form the basis for Plaintiff's current motion, namely challenging newly issued DOCS Directive # 4913, are not related to the allegations contained in his Amended Complaint concerning confiscation of personal property that occurred

---

[2] The other allegations in the Amended Complaint are unrelated to Plaintiff's claims concerning interference with his personal property.

at Clinton Correctional Facility in 2006 – more than two years before the issuance of DOCS

Directive # 4913. Thus, the Court could deny Plaintiff's request for injunctive relief on this

ground alone.[3]

Even if the Court were to find that Plaintiff's current motion is sufficiently related to the

claims set forth in the underlying action, the Court finds that Plaintiff has not established that he

would be irreparably harmed by the enforcement of Directive # 4913. "The Second Circuit has

defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not

adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money

damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at *2

(quoting *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d

Cir. 2003)) (citing *Kamerling*, 295 F.3d at 214 ("To establish irreparable harm, a party seeking

preliminary injunctive relief must show that there is a continuing harm which cannot be

adequately redressed by final relief on the merits and for which money damages cannot provide

adequate compensation." (internal quotation omitted))). Speculative, remote or future injury is

not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see

also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, *1 (N.D.N.Y. July 3, 2008)

(citation omitted) ("'Irreparable harm must be shown to be imminent, not remote or speculative,

and the injury must be such that it cannot be fully remedied by monetary damages.'" (quoting

*Roucchio*, 850 F. Supp. at 144)).

In support of his motion, Plaintiff asserts that DOCS Directive # 4913 "will be used as a

---

[3] After Plaintiff submitted his motions for injunctive relief, Plaintiff submitted a motion to amend, which seeks to add a challenge to DOCS Directive # 4913 to this action. *See* Dkt. No. 48. For the reasons discussed below, the Court denies that request.

pretext to confiscate, damage, destroy and withhold [Plaintiff's] property, including all active

legal materials and religious articles" and that "the revised Directive will 'limit' [Plaintiff's] active

legal material to only one draft bag." *See* Dkt. No. 45-4 at ¶ 11.  Defendants argue that these

allegations are "simply too speculative to warrant injunctive relief." *See* Dkt. No. 50-4,

Memorandum of Law at 5.  Defendants also assert that Plaintiff cannot show that he is likely to

succeed on the merits of his claim because, when he filed this motion, Plaintiff was not subject to

the revised limits for **possession** of property because his DIN number is earlier than 2008.  *See*

Dkt. No. 50-4, Memorandum of Law at 6-7.  Moreover, Defendants contend that, even though

Plaintiff was subject to the new limits regarding the amount of property he may **transfer** between

facilities, Plaintiff was actually transferred from Upstate to Attica on February 12, 2009, and

"voluntarily reduced the number of draft bags he wished to transfer to Attica to seven (7) . . .

[and] voluntarily discarded 'junk' materials such as old magazines, blank paper and blank

envelopes. . . . No legal materials were confiscated or discarded." *See* Dkt. No. 50, Affidavit of

Thomas Brand sworn to February 12, 2009 ("Brand Aff.") at ¶¶ 12-13.[4]

The Court notes that, pursuant to DOCS Directive # 4913, Plaintiff **will** be subject to

reduced limits in the future for both the amount of property that he may possess as well as the

amount of property that he may transfer with him between facilities.  *See* Dkt. No. 50-2, DOCS

Directive # 4913.  Nonetheless, Plaintiff has not established that he will suffer irreparable harm if

he is required to comply with the phased-in requirements of DOCS Directive # 4913.  Plaintiff's

claim that he will be forced to relinquish active legal materials and religious articles **in the**

---

[4] Thomas Brand is a Draft Sergeant at Upstate Correctional Facility and is responsible for supervising "the process of preparing inmates and their property for transfer (draft) either to other facilities or release." *See* Dkt. No. 50, Brand Aff. at ¶ 1.

**future** is clearly speculative and cannot support a finding of irreparable harm.  *See Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").  Moreover, although Plaintiff claims that in 2006 he was denied access to personal property, including legal material, at Clinton Correctional Facility, this **past** harm does nothing to support his claim that the enforcement of DOCS Directive # 4913 will result in irreparable harm – namely, the loss of legal materials and/or religious articles in the future.

"Absent any allegations of irreparable injury, Plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. [Furthermore,] because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief." *Inabinett v. Lantz*, No. 3:05-CV-214, 2006 WL 2583072, *3 (D. Conn. Aug. 30, 2006) (citing *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered")).

For all these reasons, the Court **denies** Plaintiff's motions for a temporary restraining order and for a preliminary injunction.

**B.    Plaintiff's motion to amend**

Plaintiff seeks to amend his Amended Complaint to add J. Tedford, David A. Paterson, and N.Y.S. Department of Corrections as Defendants and to add a new cause of action against Defendants Fisher, LeClaire, and Paterson, alleging that revised DOCS Directive # 4913 violates

Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.[5]
*See* Dkt. No. 48.  Defendants oppose this motion.  *See* Dkt. No. 51.

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant
leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  Generally, the court
has discretion whether or not to grant leave to amend a pleading.  *See Foman v. Davis*, 371 U.S.
178, 182 (1962).  When exercising its discretion, the court must examine whether there has been
"'undue delay, bad faith, or dilatory motive' on the part of the moving party . . . ."  *Evans v.
Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983) (quoting *Foman v. Davis*, 371 U.S. 178,
182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).  The court must also examine whether there
will be prejudice to the opposing party.  *See, e.g., Ansam Assocs. Inc. v. Cola Petroleum, Ltd.*,
760 F.2d 442, 446 (2d Cir. 1985) (permitting proposed amendment would be especially
prejudicial once discovery was completed and a summary judgment motion filed).  Finally,
"[w]here it appears that granting leave to amend is unlikely to be productive [or the amendment
is futile], it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*,
987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

Moreover, in the case of proposed amendments in which the plaintiff seeks to add new
defendants, the court must also look to Rule 21 of the Federal Rules of Civil Procedure.  Rule 21
states that a party may be added "at any stage of the action and on such terms as are just."  Fed.

---

[5] Plaintiff also refers to his proposed second amended complaint as a supplemental
complaint, presumably because he seeks to add claims arising from the promulgation of DOCS
Directive # 4913 in December 2008, after he commenced this action.  Since the issues
surrounding the promulgation of that Directive constitute an entirely new claim, the proposed
pleading is not a proper supplemental complaint.  There is no link between the new event and the
older claims, aside from the fact that both of the prior pleadings and the proposed new pleading
contain issues concerning Plaintiff's personal property.

R. Civ. P. 21.  Rule 21 is intended "'to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.'"  *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).  The same liberal standard that guides a motion to amend under Rule 15 also pertains to a motion to add parties under Rule 21.  *Id.* (citations and footnote omitted).

### 1. N.Y.S. Department of Corrections

Plaintiff merely includes N.Y.S. Department of Corrections as a defendant in the caption of the proposed second amended complaint but does not include allegations of wrongdoing against N.Y.S. Department of Corrections.  "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."  *Cipriani v. Buffardi*, No. 9:06-CV-0889, 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998) (citing *Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997))).

Additionally, to the extent that Plaintiff seeks monetary relief against N.Y.S. Department of Corrections, he may not do so.  "Agencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest."  *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted).  Thus, the Eleventh Amendment bars suits against DOCS for **money damages**.  *See Denis v. N.Y.S. Dep't of Corr. Serv.*, No. 05 Civ 4495,

2006 WL 217926, *12 (S.D.N.Y. Jan. 30, 2006) (citations omitted); *Allah v. Juchnewioz*, No. 93

CIV 8813, 2003 WL 1535623, *3 (S.D.N.Y. Mar. 24, 2003) (noting that, "[a]s DOCS is a

subdivision of New York State, cases routinely hold that it may not be sued for money damages"

(citations omitted)).

      For all these reasons, the Court **denies** Plaintiff's request to add N.Y.S. Department of

Corrections as a new defendant.


      *2. J. Tedford*

      Plaintiff seeks to add J. Tedford to his claim that, in 2006, his property, including legal

documents, was improperly confiscated.  *See* Dkt. No. 48-2 at 43-54.  Plaintiff claims that

confiscation of his property in 2006 was the direct result of a policy that Tedford "created."  *See*

*id.* at 43.  It is clear, however, that Plaintiff was aware, at the time that he commenced this action,

of Tedford's alleged involvement in this claim.  In fact, in his proposed second amended

complaint, Plaintiff alleges that, as far back as 2006, he complained in writing to Tedford about

the confiscation of his property.  *See id.* at 49.  Plaintiff's attempt to add Tedford to this action at

this late date – almost two years after Plaintiff commenced this action – constitutes undue delay,

especially because Plaintiff could have included Tedford as a defendant when he filed his action

and, again, when he submitted his first Amended Complaint.  Therefore, the Court **denies**

Plaintiff's request to add Tedford as a defendant.


      *3. Challenge to DOCS Directive # 4913; David A. Paterson*

      Plaintiff seeks to amend his Amended Complaint by adding a new cause of action against

Defendants Fisher, LeClaire, and Paterson, alleging that revised DOCS Directive # 4913 will violate his First and Fourteenth Amendment rights.  *See* Dkt. No. 48-2, Proposed Second Amended Complaint, Twelfth Cause of Action.  Defendants oppose this proposed amendment as futile.  *See* Dkt. No. 51 at 7-9.

Plaintiff's proposed new cause of action concerning newly revised DOCS Directive # 4913 is unrelated to the claims in this action; and, therefore, Defendants would be prejudiced by its addition at this late juncture.  Accordingly, the Court **denies** Plaintiff's request to add this cause of action to this case.[6]

In addition to his claims regarding Directive # 4913, Plaintiff also attempts to assert a claim against David A. Paterson regarding the constitutionality of Executive Law 632-a (commonly referred to as the Son of Sam Law).  *See* Dkt. No. 48-2, Proposed Second Amended Complaint, Eleventh Cause of Action.  The Court previously dismissed Plaintiff's challenge to that law from this case.  *See* Dkt. No. 8 at 10; *see also* Dkt. No. 13 at 10.  Accordingly, the Court **denies** Plaintiff's request to add David A. Paterson as a defendant to this action.

### 4. Summary

For the above-stated reasons, the Court **denies** Plaintiff's motion to amend his Amended Complaint in its entirety.  Since Defendants Pataki, Spitzer, Dennison and Ellis were served after Plaintiff submitted this motion to amend, the Court stayed their obligation to respond to the Amended Complaint.  *See* Dkt. Nos. 55, 58.  Now that the Court has denied Plaintiff's motion to

---

[6] Plaintiff may, of course, assert these claims in a new action; however, the Court takes no position at this time on the merits of the proposed claims.

amend his Amended Complaint, Defendants Pataki, Spitzer, Dennison and Ellis must respond to

the Amended Complaint.


C.      **Plaintiff's objections to Magistrate Judge Lowe's November 24, 2008 Order**

Turning to Plaintiff's objections to Magistrate Judge Lowe's November 24, 2008 Order,

Rule 72(a) of the Federal Rules of Civil Procedure provides that,

> [w]hen a pretrial matter not dispositive of a party's claim or
> defense is referred to a magistrate judge to hear and decide, the
> magistrate judge must promptly conduct the required proceedings
> and, when appropriate, issue a written order stating the decision.  A
> party may serve and file objections to the order within 10 days after
> being served with a copy.  A party may not assign as error a defect
> in the order not timely objected to.  The district judge in the case
> must consider timely objections and modify or set aside any part of
> the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

In his November 24, 2008 Order, Magistrate Judge Lowe directed that Plaintiff's motion

to amend his amended complaint be stricken from the docket because the motion did not comply

with the Federal Rules of Civil Procedure or this District's Local Rules.  *See* Dkt. No. 36.

Magistrate Judge Lowe also provided Plaintiff with instructions on how to submit a proper

motion to amend.  *See id.*

Plaintiff filed objections to Magistrate Judge Lowe's Order, arguing that, because he is

proceeding *pro se*, the Court should have held his motion "to less stringent standards."  *See* Dkt.

No. 39 at 3.  He also stated that the Federal Rules and Local Rules were not readily available to

him.  *See id.*

Although a court must make reasonable allowances for a *pro se* plaintiff to assure that he

-12-

does not forfeit rights because he lacks legal training, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle*, 600 F.2d 592, 593 (5th Cir. 1981)). Accordingly, the Court **denies** Plaintiff's objections to Magistrate Judge Lowe's November 24, 2008 Order and **affirms** the same.[7]

### III. CONCLUSION

Accordingly, after carefully reviewing Plaintiff's submissions and the relevant law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motions for a temporary restraining order and a preliminary injunction are **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to amend his Amended Complaint is **DENIED**; and the Court further

**ORDERS** that Defendants Spitzer, Pataki, Dennison, and Ellis are directed to respond to Plaintiff's Amended Complaint **within thirty days** of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's objections to Magistrate Judge Lowe's November 24, 2008 Order is **DENIED** and the November 24, 2008 Order is **AFFIRMED**; and the Court further

---

[7] The Court also notes that, because Plaintiff submitted a subsequent motion for leave to amend his amended complaint, which the Court has addressed in this Memorandum-Decision and Order, Plaintiff's objections to Magistrate Judge Lowe's November 24, 2008 Order are for all intents and purposes moot.

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date:    June 29, 2009
         Syracuse, New York

                                        _____
                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge

-14-