UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON MUSA PACHECO,

                              Plaintiff,

v.                                                          9:07-CV-0850
                                                            (FJS/GHL)

GEORGE E. PATAKI, ELLIOT SPITZER,
ANTHONY ELLIS, GEORGE B. ALEXANDER,
E. WOODS, BRIAN FISHER,
LUCIEN J. LECLAIRE, JR.,

                              Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

MILTON MUSA PACHECO, 79-B-0064
Plaintiff *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO                             KRISTA A. ROCK, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

       This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Plaintiff Milton Musa Pacheco alleges, *inter alia*, that

Defendants violated his civil rights by confiscating his legal materials and either ignoring or

mishandling Plaintiff's written complaints.

Currently pending before the Court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1].  (Dkt. Nos. 26, 68.)  This Report-Recommendation will discuss the motion filed on behalf of Defendants E. Woods, Brian Fisher, and Lucien J. LeClaire, Jr.  (Dkt. No. 26.)  Plaintiff has opposed the motion.  (Dkt. Nos. 33, 38.)  For the reasons discussed below, I recommend that the Court grant the motion to dismiss Plaintiff's claims against Defendants Woods, Fisher, and LeClaire.  In addition, I recommend that Plaintiff's claims against Defendant George B. Alexander and the Doe Defendants be dismissed for failure to serve within the time limits imposed by the Federal Rules of Civil Procedure and this Court's Local Rules.

I.     BACKGROUND

Plaintiff's operative complaint discusses two distinct issues: the denial of parole in 2004 and 2006 and the confiscation of his legal materials[2].  (Dkt. No. 12.)  This Report-Recommendation will discuss Plaintiff's claims regarding the confiscation of his legal materials.

Plaintiff claims that he was twice deprived of legal materials.  Specifically, Plaintiff alleges that while he was housed at Clinton Correctional Facility, his personal property, including legal materials, was confiscated by several correctional officers[3] pursuant to a policy that allowed

---

[1]      The Court has granted Plaintiff's request for an extension of time to respond to the motion to dismiss filed on behalf of Defendants George E. Pataki, Elliot Spitzer, Anthony Ellis, and Robert Dennison.  (Dkt. No. 70.)  Plaintiff's opposition to that motion is due October 30, 2009.

[2]      Plaintiff's operative complaint also includes claims regarding the constitutionality of New York Executive Law § 632-a.  Upon initial review of the complaint, this Court dismissed that claim as not ripe for review.  (Dkt. No. 13 at 7-8.)

[3]      The complaint lists the names of these officers (Dkt. No. 12 ¶ 146), but Plaintiff has not named the officers as defendants.

inmates only six draft bags of property.  Plaintiff had seven draft bags of property.  (Dkt. No. 12

¶¶ 142-46.)  Plaintiff alleges that he was deprived of his legal materials from October 10, 2006,

through November 7, 2006.  As a result, he was not able to draft a discovery request in one of his

pending civil rights cases and timely serve it.  Because the discovery request was late, defense

counsel refused to comply with it and Judge Treece denied Plaintiff's motion to compel.  (Dkt.

No. 12 ¶¶ 150-53.)  Plaintiff complained about the deprivation of his legal materials to Defendant

LeClaire, who "lightly disregarded" the complaint.  (Dkt. No. 12 ¶ 148.)  Plaintiff also alleges

that he informed Defendant Fisher, who refused to intervene.  (Dkt. No. 12 ¶ 155.)

Plaintiff alleges that on December 15, 2006, Defendant Woods harassed Plaintiff, called

him insulting names[4], and asked him why he was suing the state.  (Dkt. No. 12 ¶¶ 157-58.)

Defendant Woods then confiscated "a lot" of Plaintiff's legal materials.  (Dkt. No. 12 ¶ 160.)

The majority of the materials were eventually returned.  (Dkt. No. 12 ¶ 163.)  The complaint does

not describe any consequences that Plaintiff suffered as a result of being deprived of these legal

materials.  Plaintiff filed grievances with Defendant Fisher objecting to the confiscation of his

legal materials.  (Dkt. No. 12 ¶ 156.)

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a

complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  It has long been understood that a defendant may base such a motion on either or both

of two grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil

---

[4]      Plaintiff does not specify what insulting names Defendant used.  Plaintiff
explicitly states in his opposition to the motion to dismiss that he does not allege that Defendant
Woods' comments violated the federal constitution.  (Dkt. No. 33 at 2.)

Procedure 8(a)(2);[5] or (2) a challenge to the legal cognizability of the claim.[6]

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). By requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds

---

[5]     *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[6]     *See  Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

upon which it rests."[7]  The main purpose of this rule is to "facilitate a proper decision on the

merits."[8]  A complaint that fails to comply with this rule "presents far too heavy a burden in

terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of [plaintiff's] claims."[9]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to

'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic*

---

[7]      *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[8]      *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[9]      *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.).  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

5

*Corp. v. Twombly*, 550 U.S. 544, 556-57, 570 (2007)).  Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not *shown* - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (emphasis added).

It should also be emphasized that, "[i]n reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."[10]  "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*."[11]  In other words,  while all pleadings are to be construed liberally under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of liberality.

For example, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.[12]  Moreover, "courts

---

[10]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

[11]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[12]     "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord,* 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia, Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in

must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

they suggest."[13]   Furthermore, when addressing a *pro se* complaint, *generally* a district court

"should not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated."[14]   Of course, an opportunity to

amend is not required where the plaintiff has already amended his complaint.[15]   In addition, an

opportunity to amend is not required where "the problem with [plaintiff's] causes of action is

substantive" such that "[b]etter pleading will not cure it."[16]

---

the complaint.'"   *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering
factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part
on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on
case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a
matter of right, to amend his complaint once at any time before the service of a responsive
pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39
(2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to
dismiss) [citations omitted].

[13]   *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's
conclusory allegations of a due process violation were insufficient) [internal quotation and
citation omitted].

[14]   *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[15]   *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2
(E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended
complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384
(S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[16]   *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted];  *see, e.g.*, *See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7
(N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error

However, while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit has observed),[17] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and 12.[18]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights

---

in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS' established grievance process–was substantive and not formal in nature, rendering repleading futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and not formal in nature, rendering repleading futile) [citations omitted]; *Hylton v. All Island Cob Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the errors in his complaint–which included the fact that plaintiff alleged no violation of either the Constitution or laws of the United States, but only negligence–were substantive and not formal in nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D. Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the defendants were protected from liability by Eleventh Amendment immunity–was substantive and not formal in nature, rendering repleading futile).

[17]  *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[18]  *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

plaintiffs must follow.[19]  Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."[20]

## III.   ANALYSIS

### A.   Motion of Defendants Woods, Fisher, and LeClaire to Dismiss the Complaint

Plaintiff alleges that Defendant Woods violated his First Amendment right of access to the courts by confiscating his legal materials.  Plaintiff alleges that Defendants Fisher and LeClaire failed to intervene on Plaintiff's behalf.  Defendants move to dismiss Plaintiff's complaint.  (Dkt. No. 26.)

#### 1.   Access to Courts

Plaintiff alleges that Defendant Woods denied him access to the courts.  Defendants move to dismiss this claim.  (Dkt. No. 26-2 at 5-6.)  Defendants argue that Plaintiff has not stated a claim for denial of access to the courts because "Plaintiff has not articulated the way in which the missing ... documents prejudiced his ability to litigate."  (Dkt. No. 26-2 at 6.)  Defendants are

---

[19]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[20]     *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980).

correct.

It is well settled that inmates have a First Amendment right to "petition the Government for a redress of grievances."[21]  This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights."[22]  "However, this right is not 'an abstract, freestanding right to a law library or legal assistance' and cannot ground a Section 1983 claim without a showing of 'actual injury.'"[23]  As a result, to state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury.[24] It is worth noting that "[t]his actual injury requirement 'is not satisfied by just any type of frustrated legal claim,' because the Constitution guarantees only the tools that 'inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."[25]  "'Impairment of any *other* litigating capacity is simply one of the incidental

---

[21]     *See* U.S. CONST. amend I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

[22]     *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Bourdon v. Loughren*, 386 F.2d 88, 92 (2d Cir. 2004) [citations omitted].

[23]     *Collins v. Goord,* 438 F. Supp.2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 [1996]).

[24]     *Lewis*, 518 U.S. at 353; *Renelique v. Duncan*, 03-CV-1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007) (Strom, J.); *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994) (Hurd, M.J.).

[25]     *Collins*, 423 F. Supp.2d at 415-16 (quoting *Lewis*, 518 U.S. at 355).

(and perfectly constitutional) consequences of conviction and incarceration.'"[26]

Here, the complaint does not allege any facts plausibly suggesting that Defendant Woods' confiscation of Plaintiff's legal materials resulted in any actual injury to Plaintiff. Although the complaint describes quite clearly the prejudice that Plaintiff alleges resulted from the actions of the John Doe correctional officers at Clinton Correctional Facility (i.e. Plaintiff's inability to timely prepare and serve discovery requests), it includes no such allegations regarding the aftermath of Defendant Woods' actions.

In his opposition to the motion to dismiss, Plaintiff asserts that he was prejudiced by Defendant Woods' actions because (1) he was impeded from contacting lawyers about the possibility of representing him when Defendant Woods confiscated his list of attorneys' addresses and names; (2) Defendant Woods confiscated drafts of the complaint in this lawsuit; and (3) Defendant Woods confiscated exhibits that Plaintiff planned to attach to a state court post-conviction motion (the "§ 440.10 motion") and, as "a result of Defendant Woods' interference" the motion was denied. (Dkt. No. 33 at 9-10.)

Because Plaintiff is proceeding *pro se*, I have construed Plaintiff's allegations as an attempt to amend his complaint because they are consistent with the allegations of the operative complaint. However, I find that any such amendment would be futile because none of the new allegations plausibly suggest that Plaintiff was prejudiced by Defendant Woods' actions.

Plaitniff was not prejudiced by the confiscation of his list of attorney names and addresses. A review of the docket in the case Plaintiff was pursuing at the time that Defendant Woods confiscated his legal materials shows that Plaintiff was, in fact, able to contact attorneys

---

[26] *Id.*

11

about the possibility of representing him.  *Pacheco v. De Acevedo*, No. 9:05-CV-0998

(GTS/RFT) (Dkt. Nos. 68, 74).  Plaintiff was not prejudiced in his pursuit of the current action

by the confiscation of his draft complaint because he was ultimately able, obviously, to file his

complaint in this case.  Finally, any loss of exhibits that Plaintiff intended to attach to his §

440.10 motion did not prejudice Plaintiff because a § 440.10 motion may be made "[a]t any time

after the entry of judgment."  N.Y. Crim. Proc. Law § 440.10 (McKinney 2005).  There was thus

no requirement for Plaintiff to file the motion at any particular time.  Indeed, because the

criminal judgment against Plaintiff was entered 30 years ago, it is difficult to imagine

circumstances under which any delay caused by Defendant Woods' actions would have any

effect whatsoever on the disposition of Plaintiff's § 440.10 motion.  *See Smith v. O'Connor*, 901

F. Supp. 644, 649 (S.D.N.Y. 1995)(granting defendants' motion to dismiss prisoner's access to

the courts claim because allegedly destroyed document was a § 440.10 motion and thus there was

no prejudice to the prisoner).  *Compare Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987)

(allegations that loss of legal documents caused irreparable harm in perfecting an appeal may be

sufficient to satisfy prejudice element).

Because Plaintiff has not pleaded facts plausibly suggesting that he was prejudiced by

Defendant Woods' actions or presented any such facts in his opposition to the motion to dismiss,

I recommend that the Court grant Defendants' motion to dismiss Plaintiff's access to the courts

claim against Defendant Woods.

2.     Claims Against Defendants Fisher and LeClaire

Plaintiff alleges that Defendants Fisher and LeClaire either failed to respond or did not

properly respond to his complaints regarding the confiscation of his property.  Defendants move

to dismiss these claims.  (Dkt. No. 26-2 at 3-5.)

Plaintiff's allegations do not state a constitutional claim.  It "is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim."  *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008)(collecting cases).  Therefore, I recommend that the Court grant Defendants' motion to dismiss the claims against Defendants Fisher and LeClaire.

### B.  Claims Against Does and George B. Alexander

Plaintiff's operative complaint names John and Jane Doe defendants and asserts claims against Defendant George B. Alexander.  (Dkt. No. 12 ¶3(f) and (q).)  Plaintiff has not served the Does or Mr. Alexander.  (Dkt. No. 62.)

Under the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint within ***120 days*** after the filing of the complaint.  Fed. R. Civ. P. 4(m). This 120-day service period is shortened, or "expedited," by the Court's Local Rules of Practice (and the Court's General Order 25), which provide that all defendants must be served with the summons and complaint within ***sixty (60) days*** of the filing of the complaint.  N.D.N.Y. L.R. 4.1(b) [emphasis added].  Here, more than 120 days have elapsed since the filing of the complaint and the Doe Defendants and Mr. Alexander have not been served.  As a result, Plaintiff is in violation of both the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.  I therefore recommend that all claims against the Doe Defendants and George B. Alexander be dismissed.

**ACCORDINGLY**, it is

13

**RECOMMENDED** that the motion of Defendants Woods, Fisher, and LeClaire to

dismiss for failure to state a claim (Dkt. No. 26) be **GRANTED**; and it is further

**RECOMMENDED** that all claims against the Doe Defendants and Defendant George B.

Alexander be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: August 31, 2009
     Syracuse, New York

George H. Lowe
United States Magistrate Judge

14