UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON MUSA PACHECO,

                Plaintiff,

v.                                                       9:07-CV-0850
                                                         (FJS/GHL)

GEORGE E. PATAKI, ELLIOT SPITZER,
ANTHONY ELLIS, GEORGE B. ALEXANDER,
E. WOODS, BRIAN FISHER,
LUCIEN J. LECLAIRE, JR., ROBERT DENNISON,

                Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

MILTON MUSA PACHECO, 79-B-0064
Plaintiff *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO                       KRISTA A. ROCK, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Plaintiff Milton Musa Pacheco alleges, *inter alia*, that Defendants George E. Pataki, Elliot Spitzer, Anthony Ellis, and Robert Dennison violated his

civil rights by denying him parole pursuant to an unwritten state-wide policy[1].

Currently pending is a motion by Defendants Pataki, Spitzer, Ellis, and Dennison to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 68.)  Plaintiff has opposed the motion.  (Dkt. No. 74.)  For the reasons discussed below, I recommend that the Court grant the motion and dismiss Plaintiff's complaint.

I.      BACKGROUND

Plaintiff's operative complaint discusses two distinct issues: (1) the denial of parole in 2004 and 2006; and (2) the confiscation of his legal materials[2].  (Dkt. No. 12.)  This motion to dismiss involves Plaintiff's claims regarding the denial of parole.

According to the Department of Corrections website, Plaintiff was convicted of murder in the second degree and sentenced to serve 25 years to life in prison.  He began serving his sentence on January 11, 1979, and became eligible for parole consideration on September 6, 2002.

In New York, parole is governed by statute.  Pursuant to the statute, the Parole Board must consider various factors in each inmate's case, including the inmate's institutional record, the inmate's performance in any temporary release program, the inmate's plans upon release, any

---

[1] Plaintiff also alleges that Defendants E. Woods, Brian Fisher, and Lucien J. LeClaire, Jr., wrongfully confiscated his legal materials and either ignored or mishandled his written complaints.  Previously, I recommended that the Court grant Defendants' motion to dismiss those claims.  (Dkt. No. 71.)

[2] Plaintiff's operative complaint also includes claims regarding the constitutionality of New York Executive Law § 632-a.  Upon initial review of the complaint, this Court dismissed that claim as not ripe for review.  (Dkt. No. 13 at 7-8.)  Plaintiff's arguments regarding this issue, raised in his opposition to the motion to dismiss, are therefore not properly before the Court at this time.

deportation order issued by the federal government, and statements from the victims of the inmate's crime.  N.Y. Exec. Law. § 259-i(2)(c) (McKinney 2005.) When considering these factors, the Board must also consider that:

> [d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

N.Y. Exec. Law § 259-i(2)(c)(A) (McKinney 2005).

Plaintiff alleges that Defendant Pataki instituted an unwritten policy of denying parole to violent offenders based solely on the facts of their criminal convictions without regard to any of the other factors.  (Dkt. No. 12 ¶ 12-13.)  Plaintiff alleges that Defendant Pataki then appointed parole commissioners who applied the policy to Plaintiff's case twice and automatically denied him parole because he was convicted of a violent felony.  (Dkt. No. 12 ¶¶ 15, 18.)  Specifically, Plaintiff alleges that: (1) in 2004, the parole commissioners "noted [P]laintiff's programming and disciplinary records were satisfactory" but denied parole because Plaintiff had committed murder; and (2) in 2006, the parole commissioners did not consider the other factors but rather denied parole "because [P]laintiff was convicted of a murder charge, which to them automatically precludes release on parole."  (Dkt. No. 12 at 22, 28.)

Plaintiff appealed the 2004 denial of parole to Defendant Ellis.  (Dkt. No. 12 ¶¶ 88-89.) Despite regulations requiring a decision within 120 days, Defendant Ellis did not respond for a year.  During that year, Plaintiff filed several written grievances and/or letters complaining about the parole decision and Defendant Ellis' failure to respond.  (Dkt. No. 12 ¶¶ 94-95, 98, 115, 118-

3

19, 123, 125-26, 128, 130.)  On August 24, 2005, Defendant Ellis affirmed the denial of parole.  (Dkt. No. 12 ¶¶ 92-93.)

Plaintiff appealed the 2006 parole decision to Defendants Ellis and Dennison.  (Dkt. No. 12 ¶¶ 53-54.)  Plaintiff filed several written grievances and/or letters with, among others, Defendants Ellis, Dennison[3], Spitzer, and Alexander regarding the parole hearing, the parole decision, and the failure to quickly issue a decision on Plaintiff's appeal.  (Dkt. No. 12 ¶¶ 58-67, 101-12.)  Defendants did not respond.  (Dkt. No. 12 ¶¶ 102-04, 108, 112.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown -

---

[3]   Plaintiff's complaint also alleges that Defendant Dennison, himself, wrongfully denied Plaintiff parole.  This Court previously dismissed those claims because Defendant Dennison is absolutely immune.  The Court allowed Plaintiff's claim that Defendant Dennison failed to answer his grievances to proceed.  (Dkt. No. 13 at 5.)

that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint. *Advanced Marine Tech. v. Burnham Sec .,Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once). In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

### III.   ANALYSIS

Plaintiff's claims against Defendants Pataki, Spitzer, Ellis, and Dennison arise from the denials of parole in 2004 and 2006. Specifically, Plaintiff claims that Defendant Pataki, by instituting an unwritten policy of denying parole to violent offenders based solely on the facts of

the commitment offense, deprived him of his rights to due process, equal protection, access to the courts, freedom from cruel and unusual punishment, and petition the government[4]. He claims that Defendant Spitzer failed to address all of the issues in his written complaints regarding the denial of parole. He claims that Defendant Ellis took too long to affirm the denial of parole and failed to respond to a letter. Finally, he claims that Defendant Dennison failed to respond to a letter regarding the denial of parole.

### A.     Due Process

Plaintiff alleges that Defendant Pataki violated his right to due process by instituting a policy that mandated denying parole to violent offenders based solely on the nature of their commitment offense. Defendants argue that the complaint fails to state a due process claim. (Dkt. No. 68-2 at 7-11.) Defendants are correct.

In order to state a claim for violation of his procedural due process rights, a plaintiff must allege facts plausibly suggesting that he was deprived of a liberty interest without due process of law. *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000). Prisoners in New York State do not have a liberty interest in being released on parole. *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *Farid v. Bouey*, 554 F. Supp. 2d 301, 321 (N.D.N.Y. 2008). In an unpublished opinion, the Second Circuit has stated that it is an open question whether prisoners have a "liberty or property interest in having the Parole Board comply with its own statutory and regulatory

---

[4] Plaintiff also alleges that Defendant Pataki "violated [Plaintiff's] legal right[] to freedom of speech." (Dkt. No. 12 ¶ 24.) In context, this claim appears to be alleged against the members of the Parole Board who conducted Plaintiff's 2004 and 2006 parole hearings. Plaintiff alleges that he was not allowed to speak freely and present his case at his parole hearings. (Dkt. No. 12 ¶ 19.) The Parole Board defendants were dismissed by this Court upon initial review of the complaint on the basis of absolute immunity. (Dkt. No. 8 at 4-5; Dkt. No. 13 at 4.)

guidelines in determining whether to grant or deny parole." *Rodriguez v. Greenfield*, 7 Fed. App'x 42, 43 (2d Cir. 2001). District courts in the Second Circuit have held that even if New York State prisoners do not have a constitutional interest in having the Parole Board comply with its guidelines, they do have a limited due process right not to be denied parole arbitrarily or capriciously or on the basis of a protected classification (such as race, religion, gender, economic status, etc.) or an irrational distinction. *Farid*, 554 F. Supp. 2d at 321.

The vast majority of the courts in the Second Circuit that have considered this issue have held that parole denials based solely on the severity of the prisoner's commitment offense are not arbitrary, capricious, or based on an irrational distinction. *Farid*, 554. F. Supp. 2d at 321; *Caraballea v. Pataki*, No. 05-CV-0326, 2009 U.S. Dist. LEXIS 53882, 2009 WL 1812824, at * 3 (W.D.N.Y. June 25, 2009)[5]; *Acosta v. N.Y.S. Exec. Dept.,* No. 07-CV-1530, 2008 U.S. Dist. LEXIS 105747, 2008 WL 5453761, at *5 (E.D.N.Y. Dec. 31, 2008); *Standley v. Dennison,* No. 9:05-CV-1033, 2007 U.S. Dist. LEXIS 61394, 2007 WL 2406909, at *9 (N.D.N.Y. Aug. 21, 2007); *McLaurin v. Paterson,* No. 07 Civ. 3482, 2008 U.S. Dist. LEXIS 61540, 2008 WL 3402304 (S.D.N.Y. Aug. 11, 2008); *Mathie v. Dennison*, No. 06 Civ. 3184, 2007 U.S. Dist. LEXIS 60422, 2007 WL 2351072 (S.D.N.Y. Aug. 16, 2007). Three courts have squarely held that a state-wide policy mandating the denial of parole for an entire class of offenders (such as violent felons or sex offenders) would not violate the federal Due Process Clause. *Schwartz v. Dennison,* 518 F. Supp. 2d 560 (S.D.N.Y. 2007); *Farid*, 554. F. Supp. 2d at 321; *Mathie*, 2007 WL 2351072.

---

[5] The undersigned will provide a copy of these unpublished decisions to Plaintiff in light of the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Only one district court in this Circuit has held to the contrary. *Graziano v. Pataki*, No. 06 Civ. 0480, 2006 U.S. Dist. LEXIS 52556, 2006 WL 2023082 (S.D.N.Y. July 17, 2006). That case implied that a convicted felon serving a sentence in New York has a federal due process right to have *all* of New York's statutory factors considered during the parole decision process. As I have noted previously:

> [T]he decision cites no authority for such a proposition. This lack of authoritative support is not surprising [because] the proposition appears to be a significant departure from firmly established legal precedents from both the United States Supreme Court and the New York State Court of Appeals ... The proposition creates a distinction between what the decision calls "a due process right to being granted parole" and what it calls "a due process right to have the decision made only in accordance with the statutory criteria." With respect, I do not perceive any such distinction. In my view, any federal due process right a convicted felon has to a parole decision made only in accordance with a state's statutory criteria exists only if he possesses a "protected liberty interest" in parole. If he possesses no such protected liberty interest, then he possesses only a *minimal* due process right with regard to that decision-making process ([i.e.] a right to have that decision made in a *non-arbitary* way.) And New York State's parole scheme (unlike the parole schemes of various other states) creates no such protected liberty interest.

*Standley*, 2007 WL 2406909, at * 11 (emphasis in original) (citations omitted).

The statute governing parole decisions directs the Board to consider whether an inmate's release is compatible "with the welfare of society and will not so deprecate the seriousness of the crime so as to undermine respect for the law." N.Y. Exec. Law §259-i(2)(c)(A) (McKinney 2005).[6] The "Board has discretion to accord these considerations whatever weight it deems

---

[6] Plaintiff argues that his case is governed by 9 N.Y.C.R.R. § 8002.3(b) rather than by Executive Law § 259i because the 2004 and 2006 parole hearings were not his first opportunity for parole. (Dkt. No. 74 at 17-19.) Plaintiff's interpretation of the regulation has been rejected by both federal and New York state courts. *See Romer v. Travis*, No. 03 Civ. 1670, 2003 WL 21744079, at * 6-8 (S.D.N.Y. July 29, 2003) (collecting cases).

appropriate." *Manley v. Thomas*, 255 F. Supp. 2d 263, 267 (S.D.N.Y. 2003).  Thus, a decision based solely on an inmate's conviction offense is not arbitrary.  Because the complaint does not allege facts plausibly suggesting that Defendants acted arbitrarily, I recommend that the Court grant Defendants' motion and dismiss Plaintiff's due process claim.

      **B.**     **Equal Protection**

Plaintiff alleges that Defendant Pataki violated his right to equal protection by instituting a policy mandating the denial of parole for all violent offenders.  (Dkt. No. 12 ¶ 23.)  Defendants argue that Plaintiff has failed to state a claim under the Equal Protection Clause.  (Dkt. No. 68-2 at 11-12.)  Defendants are correct.

The Equal Protection Clause requires the government to treat all similarly situated people alike.  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1989).  Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir.1980)).  "[D]isparate treatment by the state in granting parole to violent and nonviolent prisoners is presumed constitutional and need only be rationally related to a legitimate state interest."  *Mathie*, 2007 WL 2351072, at * 8.  The rational basis for a distinction between violent and nonviolent offenders is "obvious: preventing the early release of potentially violent inmates."  *Id*.  *See also Farid*, 554 F. Supp. 2d at 322.  Therefore, Plaintiff has not stated an equal protection claim and I recommend that the Court dismiss Plaintiff's equal protection claim

9

against Defendant Pataki.

        **C.     Access to the Courts/ Petition the Government**

Plaintiff alleges that Defendants violated his constitutional rights to access the courts and petition the government. (Dkt. No. 12 ¶ 24.) Defendants move to dismiss this claim. (Dkt. No. 68-2 at 13-14.)

Although the factual predicate for Plaintiff's First Amendment claim is not entirely clear, it appears that Plaintiff bases the claim on the failure of Defendants Pataki, Spitzer, Ellis, and Dennison to respond to his grievances about parole to his satisfaction. Specifically, Plaintiff alleges that (1) in 2005, he submitted complaints to Defendants Pataki, Ellis, and Dennison regarding the processing of his appeal of the 2004 parole denial. (Dkt. No. 12 ¶¶ 115-18.) Defendants "did not respond to the grievances." (Dkt. No. 12 ¶ 119); and (2) he submitted written complaints to Spitzer, Ellis, and Dennison on February 22, 2007, objecting "to the fact that he was being denied his federal and state constitutional rights to the due process of law because his written complaints were being ignored and disregarded; Plaintiff's parole appeal was not being answered and no decision was issued to him in a timely fashion; parole hearing commissioners were not adhering to statutory, regulatory, and constitutional law while conducting Plaintiff's parole hearings; and various other objections." (Dkt. No. 12 ¶¶ 58, 101.) Plaintiff alleges that he wrote to Defendant Ellis on March 13, 2007, objecting to the fact that Ellis had not responded to the February 22 complaint. (Dkt. No. 12 ¶ 106.) Plaintiff alleges that Spitzer, Ellis, and Dennison refused "to address the merits" and "failed to specifically address all of the points and issues" in the complaint. (Dkt. No. 12 ¶¶ 102, 113.) Spitzer "completely disregarded" the complaint, while Ellis' office advised Plaintiff that his complaints were better

addressed to the Appeals Unit or the courts[7]. (Dkt. No. 12 ¶¶ 103-04, 108, 112.)

Plaintiff's allegations do not state a constitutional claim. "It is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008)(collecting cases). Therefore, I recommend that the Court grant Defendants' motion and dismiss these claims.

The access to the courts/petition of grievances claim may also be based on Plaintiff's claim that Defendant Ellis did not respond to Plaintiff's formal appeal of his parole decision within the 120-day deadline set out in New York's regulations. 9 N.Y.C.R.R. § 8006.4(c). (Dkt. No. 12 ¶ 93.) However, this claim does not rise to the level of a federal constitutional violation.[8] This is because 42 U.S.C. § 1983 provides, in pertinent part, "Every person who . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). The term

---

[7] Plaintiff does not specify whether Defendant Dennison completely failed to respond or whether he responded in a manner that Plaintiff found unacceptable.

[8] *New York ex rel. Sanchez v. Herbert*, 769 N.Y.S.2d 421, 421 (N.Y.S. App. Div., 4th Dept. 2003) ("Contrary to the contention of petitioner, the failure of the appeals unit of the Board of Parole to act on his administrative appeal within four months did not deny petitioner his due process right to an administrative appeal . . . .") [citation omitted]; *Lord v. N.Y. State Exec. Dept. Bd./Div. of Parole*, 695 N.Y.S.2d 461, 462 (N.Y.S. App. Div., 4th Dept., 1999) ("We disagree with petitioner that the failure of the appeals unit of the Board of Parole to decide his administrative appeal within four months rendered the decision of the appeals unit constitutionally defective."), *leave to appeal denied*, 700 N.Y.S.2d 427 (N.Y. 1999).

"the Constitution and laws" refers to the United States Constitution and *federal* laws.[9] A violation of a state law or regulation, *in and of itself*, does not give rise to liability under 42 U.S.C. § 1983.[10] Rather, Plaintiff's remedy for Defendant Ellis' failure to decide Plaintiff's appeal within four months would be to pursue an Article 78 proceeding in New York State Supreme Court.[11]

---

[9] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added); *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[10] *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*, 761 F.2d at 891 ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") [citation omitted]; *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") (citation omitted); *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[11] *Lord,* 695 N.Y.S.2d at 462 ("The consequence of the appeals unit's failure to decide an administrative appeal within four months is that petitioner may deem his administrative remedy exhausted and may immediately seek judicial review of the underlying determination . . . .") (citation omitted); *accord*, *Graham v. N.Y.S. Div. of Parole*, 702 N.Y.S.2d 708, 709 (N.Y.S. App. Div., 3d Dept., 2000); *New York ex rel. Tyler v. Travis*, 702 N.Y.S.2d 705, 706 (N.Y.S. App. Div., 3d Dept., 2000); *cf. Hall v. N.Y.S. Div. of Parole*, 99-CV-11317, 2000 WL 33952256, at *2, n.1 (S.D.N.Y. Nov. 29, 2000) (recognizing that Appeals Unit's failure to decide prisoner's appeal in timely fashion meant that he could deem administrative remedy to have been exhausted, and thereupon seek judicial review of the underlying determination through an Article 78 proceeding in New York State court).

### D. Eighth Amendment

Plaintiff alleges that Defendant Pataki violated his Eighth Amendment rights by instituting a policy of denying parole to violent offenders. (Dkt. No. 12 ¶ 25.) Defendants move to dismiss this claim. (Dkt. No. 68-2 at 14.)

The Eighth Amendment prohibits cruel and unusual punishment. A sentence of imprisonment that is within the limits of a valid state statute is not cruel and unusual punishment in the constitutional sense. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, Plaintiff's sentence of imprisonment is within the limits of a valid state statute. The fact that he has been denied parole does not change that fact. *Farid*, 554 F. Supp. 2d at 323. Therefore, I recommend that the Court grant Defendants' motion and dismiss Plaintiff's Eighth Amendment claim.

### E. Defendants' Other Arguments/Leave to Amend

Because I find that Plaintiffs' claims should be dismissed on the merits, I decline to address Defendants' arguments regarding the Eleventh Amendment, the propriety of substituting current officers for the official capacity claims against former office holders, the potential mootness of claims for injunctive relief against former officer holders, absolute immunity, qualified immunity, and the applicability of *Heck v. Humphrey*.

As discussed above, where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint. *Advanced Marine Tech. v. Burnham Sec .,Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying

leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, Plaintiff's complaint does not give any indication that a valid claim might be stated.  Moreover, Plaintiff has already amended the complaint once.  Finally, the problem with Plaintiff's causes of action is substantive, such that better pleading will not cure it.  Therefore, I recommend granting Defendants' motion to dismiss without leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 68) be **GRANTED** without leave to amend; and it is further

**ORDERED** that the clerk provide copies of *Caraballea v. Pataki*, No. 05-CV-0326, 2009 U.S. Dist. LEXIS 53882, 2009 WL 1812824, at * 3 (W.D.N.Y. June 25, 2009); *Acosta v. N.Y.S. Exec. Dept.,* No. 07-CV-1530, 2008 U.S. Dist. LEXIS 105747, 2008 WL 5453761, at *5 (E.D.N.Y. Dec. 31, 2008); *Standley v. Dennison,* No. 9:05-CV-1033, 2007 U.S. Dist. LEXIS 61394, 2007 WL 2406909, at *9 (N.D.N.Y. Aug. 21, 2007);  *McLaurin v. Paterson,* No. 07 Civ. 3482, 2008 U.S. Dist. LEXIS 61540, 2008 WL 3402304 (S.D.N.Y. Aug. 11, 2008); *Graziano v. Pataki*, No. 06 Civ. 0480, 2006 U.S. Dist. LEXIS 52556, 2006 WL 2023082 (S.D.N.Y. July 17, 2006); and *Romer v. Travis*, No. 03 Civ. 1670, 2003 U.S. Dist. LEXIS 12917,  2003 WL 21744079 (S.D.N.Y. July 29, 2003) to Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.
**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

APPELLATE REVIEW.  *Roldan v. Racette*, **984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services***, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 26, 2010
        Syracuse, New York

*/s/ George H. Lowe*
George H. Lowe
United States Magistrate Judge