UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MILTON MUSA PACHECO,

                 Plaintiff,

v.                                                                              9:07-CV-0850
                                                                                (FJS/GHL)
GEORGE E. PATAKI, ELLIOT SPITZER,
ANTHONY ELLIS, GEORGE B. ALEXANDER,
E. WOODS, BRIAN FISHER,
LUCIEN J. LECLAIRE, JR., ROBERT DENNISON,

                 Defendants.

_____

APPEARANCES:                                                    OF COUNSEL:

MILTON MUSA PACHECO, 79-B-0064
Plaintiff *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO                                KRISTA A. ROCK, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

       This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Plaintiff Milton Musa Pacheco alleges, *inter alia*, that

Defendant George B. Alexander[1] violated his civil rights.[2]  Currently pending is a motion by

Defendant Alexander to dismiss the claims against him pursuant to Federal Rule of Civil

Procedure 12(b)(6).  (Dkt. No. 83.)  Plaintiff has opposed the motion.  (Dkt. No. 88.)  Defendant

has filed a reply.  (Dkt. No. 87.)  For the reasons discussed below, I recommend that the Court

grant the motion and dismiss Plaintiff's complaint without leave to amend.

## I.      BACKGROUND

According to the Department of Corrections website, Plaintiff was convicted of murder in

the second degree and sentenced to serve 25 years to life in prison.  He began serving his

sentence on January 11, 1979, and became eligible for parole consideration on September 6,

2002.

In New York, parole is governed by statute.  Pursuant to the statute, the Parole Board

must consider various factors in each inmate's case, including the inmate's institutional record,

the inmate's performance in any temporary release program, the inmate's plans upon release, any

deportation order issued by the federal government, and statements from the victims of the

inmate's crime.  N.Y. Exec. Law § 259-i(2)(c) (McKinney 2005.)  When considering these

---

[1]      I previously recommended that any claims against Defendant Alexander should be dismissed because he was not served within 120 days of the filing of the complaint.  (Dkt. No. 71 at 13.)  That Report-Recommendation is pending before Judge Scullin.  Defendant Alexander was served on January 12, 2010.  (Dkt. No. 81.)

[2]      Plaintiff also alleges that Defendants George E. Pataki, Elliot Spitzer, Anthony Ellis, and Robert Dennison violated his civil rights by denying him parole pursuant to an unwritten state-wide policy and that Defendants E. Woods, Brian Fisher, and Lucien J. LeClaire, Jr., wrongfully confiscated his legal materials and either ignored or mishandled his written complaints.  Previously, I recommended that the Court grant Defendants' motions to dismiss those claims.  (Dkt. Nos. 71, 82.)  Plaintiff's objections to those Report-Recommendations are pending before Judge Scullin.  (Dkt. Nos. 72, 86.)

factors, the Board must also consider that:

> [d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

 N.Y. Exec. Law § 259-i(2)(c)(A) (McKinney 2005).

Plaintiff alleges that Defendant Pataki instituted an unwritten policy of denying parole to violent offenders based solely on the facts of their criminal convictions without regard to any of the other factors.  (Dkt. No. 12 ¶ 12-13.)  Plaintiff alleges that Defendant Pataki then appointed parole commissioners who applied the policy to Plaintiff's case twice and automatically denied him parole because he was convicted of a violent felony.  (Dkt. No. 12 ¶¶ 15, 18.)  Specifically, Plaintiff alleges that: (1) in 2004, the parole commissioners "noted [P]laintiff's programming and disciplinary records were satisfactory" but denied parole because Plaintiff had committed murder; and (2) in 2006, the parole commissioners did not consider the other factors but rather denied parole "because [P]laintiff was convicted of a murder charge, which to them automatically precludes release on parole."  (Dkt. No. 12 at 22, 28.)

Plaintiff appealed the 2006 parole decision, but did not receive a timely response.  (Dkt. No. 12 ¶¶ 53-54.)  Plaintiff filed several written grievances and/or letters with, among others, Defendant Alexander regarding the parole hearing, the parole decision, and the failure to quickly issue a decision on Plaintiff's appeal.  (Dkt. No. 12 ¶¶ 58-67, 101-12.)  Defendant did not respond.  (Dkt. No. 12 ¶¶ 102-04, 108, 112.)

## II.      LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is

not required where the plaintiff has already amended the complaint.  *See Advanced Marine Tech.*

*v. Burnham Sec .,Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where

plaintiff had already amended complaint once).  In addition, an opportunity to amend is not

required where "the problem with [the plaintiff's] causes of action is substantive" such that

"[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).

## III.    ANALYSIS

Although it is not clear from the face of the complaint, Defendant Alexander and Plaintiff

both assume that Plaintiff has asserted due process, equal protection, First Amendment, and

Eighth Amendment claims against Defendant Alexander based on the 2004 and 2006 parole

denials.  (Dkt. Nos. 83, 88.)  The only reference that I can find, or that the parties have noted, to

Defendant Alexander in the operative complaint is an allegation that Defendant Alexander failed

to respond to a letter Plaintiff wrote regarding the 2006 denial of parole.  (Dkt. No. 12 ¶ 111.)

### A.    Due Process

Defendant argues that the complaint fails to state a due process claim.  (Dkt. No. 83-1 at

8-11.)  Defendant is correct.

In order to state a claim for violation of his procedural due process rights, a plaintiff must

allege facts plausibly suggesting that he was deprived of a liberty interest without due process of

law.  *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000).  Prisoners in New York State do not

have a liberty interest in being released on parole.  *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir.

2001); *Farid v. Bouey*, 554 F. Supp. 2d 301, 321 (N.D.N.Y. 2008).  In an unpublished opinion, the Second Circuit has stated that it is an open question whether prisoners have a "liberty or property interest in having the Parole Board comply with its own statutory and regulatory guidelines in determining whether to grant or deny parole."  *Rodriguez v. Greenfield*, 7 Fed. App'x 42, 43 (2d Cir. 2001).  District courts in the Second Circuit have held that even if  New York State prisoners do not have a constitutional interest in having the Parole Board comply with its guidelines, they do have a limited due process right not to be denied parole arbitrarily or capriciously or on the basis of a protected classification (such as race, religion, gender, economic status, etc.) or an irrational distinction.  *Farid*, 554 F. Supp. 2d at 321.

The vast majority of the courts in the Second Circuit that have considered this issue have held that parole denials based solely on the severity of the prisoner's commitment offense are not arbitrary, capricious, or based on an irrational distinction.  *Farid*, 554. F. Supp. 2d at 321; *Caraballea v. Pataki*, No. 05-CV-0326, 2009 U.S. Dist. LEXIS 53882, 2009 WL 1812824, at * 3 (W.D.N.Y. June 25, 2009); *Acosta v. N.Y.S. Exec. Dept.,* No. 07-CV-1530, 2008 U.S. Dist. LEXIS 105747, 2008 WL 5453761, at *5 (E.D.N.Y. Dec. 31, 2008); *Standley v. Dennison,* No. 9:05-CV-1033, 2007 U.S. Dist. LEXIS 61394, 2007 WL 2406909, at *9 (N.D.N.Y. Aug. 21, 2007);  *McLaurin v. Paterson,* No. 07 Civ. 3482, 2008 U.S. Dist. LEXIS 61540, 2008 WL 3402304 (S.D.N.Y. Aug. 11, 2008); *Mathie v. Dennison*, No. 06 Civ. 3184, 2007 U.S. Dist. LEXIS 60422, 2007 WL 2351072 (S.D.N.Y. Aug. 16, 2007).  Three courts have squarely held that a state-wide policy mandating the denial of parole for an entire class of offenders (such as violent felons or sex offenders) would not violate the federal Due Process Clause.  *Schwartz v. Dennison,* 518 F. Supp. 2d 560 (S.D.N.Y. 2007); *Farid*, 554. F. Supp. 2d at 321; *Mathie*, 2007

WL 2351072.[3]

Only one district court in this Circuit has held to the contrary.  *Graziano v. Pataki*, No. 06

Civ. 0480, 2006 U.S. Dist. LEXIS 52556, 2006 WL 2023082 (S.D.N.Y. July 17, 2006).  That

case implied that a convicted felon serving a sentence in New York has a federal due process

right to have *all* of New York's statutory factors considered during the parole decision process.

As I have noted previously:

> [T]he decision cites no authority for such a proposition.  This lack of
> authoritative support is not surprising [because] the proposition
> appears to be a significant departure from firmly established legal
> precedents from both the United States Supreme Court and the New
> York State Court of Appeals ... The proposition creates a distinction
> between what the decision calls "a due process right to being granted
> parole" and what it calls "a due process right to have the decision
> made only in accordance with the statutory criteria."  With respect, I
> do not perceive any such distinction.  In my view, any federal due
> process right a convicted felon has to a parole decision made only in
> accordance with a state's statutory criteria exists only if he possesses
> a "protected liberty interest" in parole.  If he possesses no such
> protected liberty interest, then he possesses only a *minimal* due
> process right with regard to that decision-making process ([i.e.] a
> right to have that decision made in a *non-arbitrary* way.)  And New
> York State's parole scheme (unlike the parole schemes of various
> other states) creates no such protected liberty interest.

*Standley*, 2007 WL 2406909, at * 11 (emphasis in original) (citations omitted).

The statute governing parole decisions directs the Board to consider whether an inmate's

release is compatible "with the welfare of society and will not so deprecate the seriousness of the

crime so as to undermine respect for the law."  N.Y. Exec. Law §259-i(2)(c)(A) (McKinney

---

[3]      The undersigned has previously provided copies of these unpublished decisions to
Plaintiff.  (Dkt. No. 82.)

2005).[4]  The "Board has discretion to accord these considerations whatever weight it deems

appropriate." *Manley v. Thomas*, 255 F. Supp. 2d 263, 267 (S.D.N.Y. 2003).  Thus, a decision

based solely on an inmate's conviction offense is not arbitrary.  Because the complaint does not

allege facts plausibly suggesting that any of the Defendants, including Defendant Alexander,

acted arbitrarily, I recommend that the Court grant Defendant Alexander's motion and dismiss

Plaintiff's due process claim.

> B.      **Equal Protection**

Defendant argues that Plaintiff has failed to state a claim under the Equal Protection

Clause.  (Dkt. No. 83-1 at 11-13.)  Defendant is correct.

The Equal Protection Clause requires the government to treat all similarly situated people

alike.  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1989).  Specifically, the

Equal Protection Clause "bars the government from selective adverse treatment of individuals

compared with other similarly situated individuals if 'such selective treatment was based on

impermissible considerations such as race, religion, intent to inhibit or punish the exercise of

constitutional rights, or malicious or bad faith intent to injure a person.'"  *Bizzarro v. Miranda*,

394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d

Cir.1980)).  "[D]isparate treatment by the state in granting parole to violent and nonviolent

prisoners is presumed constitutional and need only be rationally related to a legitimate state

interest."  *Mathie*, 2007 WL 2351072, at * 8.  The rational basis for a distinction between violent

---

[4]      Plaintiff argues that his case is governed by 9 N.Y.C.R.R. § 8002.3(b) rather than by Executive Law § 259i because the 2004 and 2006 parole hearings were not his first opportunity for parole.  (Dkt. No. 88 at 13-15.)  Plaintiff's interpretation of the regulation has been rejected by both federal and New York state courts.  *See Romer v. Travis*, No. 03 Civ. 1670, 2003 WL 21744079, at * 6-8 (S.D.N.Y. July 29, 2003) (collecting cases).

and nonviolent offenders is "obvious: preventing the early release of potentially violent inmates."

*Id*. *See also Farid*, 554 F. Supp. 2d at 322.  Therefore, Plaintiff has not stated an equal

protection claim and I recommend that the Court dismiss Plaintiff's equal protection claim.

### C.      Access to the Courts/ Petition the Government

Plaintiff alleges that Defendants violated his constitutional rights to access the courts and

petition the government.  (Dkt. No. 12 ¶ 24.)  Defendant Alexander moves to dismiss this claim.

(Dkt. No. 83-1 at 13-14.)

Although the factual predicate for Plaintiff's First Amendment claim is not entirely clear,

it appears that Plaintiff bases the claim on the failure of Defendant Alexander to respond to his

grievances about parole to his satisfaction.  (Dkt. No. 12 ¶ 111.)

Plaintiff's allegations do not state a constitutional claim.  "It is well established ... that

inmate grievances procedures are undertaken voluntarily by the states, that they are not

constitutionally required, and accordingly that a failure to process, investigate or respond to a

prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582

F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008)(collecting cases). Therefore, I recommend that the

Court grant Defendant's motion and dismiss these claims.

### D.      Eighth Amendment

Plaintiff alleges that his Eighth Amendment rights were violated by the institution of a

policy of denying parole to violent offenders.  (Dkt. No. 12 ¶ 25.)  Defendant moves to dismiss

this claim.  (Dkt. No. 83-1 at 15.)

The Eighth Amendment prohibits cruel and unusual punishment.  A sentence of

imprisonment that is within the limits of a valid state statute is not cruel and unusual punishment

in the constitutional sense. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).  Here, Plaintiff's

sentence of imprisonment is within the limits of a valid state statute.  The fact that he has been

denied parole does not change that fact.  *Farid*, 554 F. Supp. 2d at 323.  Therefore, I recommend

that the Court grant Defendant's motion and dismiss Plaintiff's Eighth Amendment claim.

> **E.      Defendant's Other Arguments/Leave to Amend**

Because I find that Plaintiffs' claims should be dismissed on the merits, I decline to

address Defendant's arguments regarding the Eleventh Amendment, the propriety of substituting

current officers for the official capacity claims against former office holders, the potential

mootness of claims for injunctive relief against former officer holders, qualified immunity, and

the applicability of *Heck v. Humphrey*.

As discussed above, where a *pro se* complaint fails to state a cause of action, the court

*generally* "should not dismiss without granting leave to amend at least once when a liberal

reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v.

Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course,

an opportunity to amend is not required where the plaintiff has already amended the complaint.

*Advanced Marine Tech. v. Burnham Sec .,Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying

leave to amend where plaintiff had already amended complaint once).  In addition, an

opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is

substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation

omitted).  Here, Plaintiff's complaint does not give any indication that a valid claim might be

stated.  Moreover, Plaintiff has already amended the complaint once.  Finally, the problem with

Plaintiff's causes of action is substantive, such that better pleading will not cure it.  Therefore, I

recommend granting Defendant's motion to dismiss without leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 83) be **GRANTED** without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated:  May 5, 2010
        Syracuse, New York

George H. Lowe
United States Magistrate Judge