**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MILTON MUSA PACHECO,**

                                        **Plaintiff,**


                        **v.**                                    **9:07-CV-850**
                                                                  **(FJS/GHL)**
**GEORGE E. PATAKI, ELLIOT SPITZER,**
**ANTHONY ELLIS, GEORGE B. ALEXANDER,**
**E. WOODS, BRIAN FISHER, LUCIEN J.**
**LECLAIRE, JR., ROBERT DENNISON,**
**Chairman of the Parole Board, and JOHN**
**and/or JANE DOES,**

                                        **Defendants.**
_____

**APPEARANCES**                         **OF COUNSEL**

**MILTON MUSA PACHECO**
**79-B-0064**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **KRISTA A. ROCK, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants


**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Currently before the Court are Magistrate Judge Lowe's August 31, 2009 Report-

Recommendation, *see* Dkt. No. 71, and Plaintiff's objections thereto, *see* Dkt. No. 72.

## II. BACKGROUND

Plaintiff Milton Musa Pacheco filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants deprived him of legal materials on two occasions.  Specifically, Plaintiff alleged that, while he was housed at Clinton Correctional Facility, several correctional officers confiscated his personal property, including legal materials, pursuant to a policy that allowed inmates only six draft bags of property.  Plaintiff had seven draft bags of property.  *See* Dkt. No. 12 at ¶¶ 142-146.  Plaintiff claimed that Defendants deprived him of his legal materials from October 10, 2006, through November 7, 2006.  As a result, he was not able to draft and timely serve a discovery request in one of his pending cases.[1]  Since Plaintiff's discovery request in that case was late, defense counsel refused to respond to it; and Magistrate Judge Treece denied Plaintiff's motion to compel.  *See id.* at ¶¶ 150-153.  Plaintiff complained about the deprivation of his legal materials to Defendant LeClaire, who "lightly disregarded" the complaint.  *See id.* at ¶ 148.  Plaintiff has also alleged that he informed Defendant Fisher, who refused to intervene. *See id.* at ¶ 155.

In addition, Plaintiff claimed that, on December 15, 2006, Defendant Woods harassed him, called him insulting names, and asked him why he was suing the State.  *See id.* at ¶¶ 157-158.  Defendant Woods then confiscated "a lot" of Plaintiff's legal materials, *see id.* at ¶ 160, the majority of which was eventually returned, *see id.* at ¶ 163.  Plaintiff filed grievances with Defendant Fisher, in which he objected to the confiscation of his legal materials.  *See id.* at ¶ 156.

Magistrate Judge Lowe issued a Report-Recommendation dated August 31, 2009, in which he recommended that this Court (1) grant Defendants Woods, Fisher, and LeClaire's

---

[1] The civil rights case to which Plaintiff refers is not this case.

motion to dismiss for failure to state a claim and (2) dismiss Plaintiff's claims against the Doe Defendants and Defendant George B. Alexander for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  *See* Report-Recommendation at 14.

Plaintiff filed objections to Magistrate Judge Lowe's recommendations.  *See* Dkt. No. 72. In his objections, Plaintiff claimed that Magistrate Judge Lowe erred when (1) he concluded that Plaintiff had not sufficiently alleged a violation of his rights to access the courts and recommended that the Court dismiss the claims against Defendants Woods, Fisher and LeClaire and (2) when he recommended that the Court dismiss his claims against the Doe Defendants and Defendant Alexander.

## III. DISCUSSION

### A.    Standard of review

When a party makes specific objections to a magistrate judge's report-recommendation, the court reviews *de novo* "'those portions of the report or specified proposed findings or recommendations to which objection is made.'"  *Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)) (footnote omitted).  If, however, the parties do not object or make only general objections to the recommendations, the court reviews the report-recommendation for clear error or manifest injustice.  *See id.* (citation and footnote omitted).  After an appropriate review of the report-recommendation, "the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement

of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  This Rule

does not require Plaintiff to assert detailed factual allegations, but he must do more than list the

elements of the cause of action and state a conclusion before the court may accept such

allegations as true.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual

allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.* (citing 5

C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  Bare

assertions and conclusory statements do not constitute "factual allegations" and are not entitled to

the presumption of truth.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

A plaintiff's factual allegations must also plausibly suggest that he is entitled to relief.

*See id.*  This standard is not met with conclusory statements that rely on "the possibility that a

plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  *Twombly*,

550 U.S. at 561.  However, this standard does "not require heightened fact pleading of specifics,

but only enough facts to state a claim to relief that is plausible on its face.  [If the plaintiff[] . . .

[has] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must

be dismissed."  *Id.* at 570.


**B.      Plaintiff's claim that Defendants denied him his right of access to the courts**

Magistrate Judge Lowe agreed with Defendants' assertion that Plaintiff had not stated a

claim for denial of access to the courts against Defendants Woods, Fisher, and LeClaire because

he "'ha[d] not articulated the way in which the missing . . . documents prejudiced his ability to

litigate.'"  *See* Report-Recommendation at 9 (quoting Dkt. No. 26-2 at 6).  Specifically,

Magistrate Judge Lowe concluded that the confiscation of Plaintiff's legal materials did not

prejudice him for three reasons: (1) Plaintiff was able to contact attorneys about the possibility of representing him at the time that Defendant Woods confiscated such materials; (2) Plaintiff successfully filed a complaint in this case; and (3), although Plaintiff may have lost some of the exhibits he intended to attach to a § 440.10 motion, he was not prejudiced because a § 440.10 motion "may be made '[a]t any time after the entry of the judgment.'"  *See id.* at 11-12 (quotation and other citations omitted).

In his objections, Plaintiff contends that Defendants' confiscation of his legal materials caused him to suffer actual harm.  Specifically, he asserts that an attorney listing was one of the documents that Defendant Woods confiscated.  *See* Objections at 16.  Although Plaintiff admits that he retained a copy of an attorney listing, he claims that this was an "old attorney listing" and that the list that Defendant Woods confiscated held the names of attorneys whom he had not yet contacted.  *See id.*  Plaintiff claims that, because he was denied access to this list, "no professional attorney was assigned to represent [him and] he had to litigate the cases to the best of his ability [] on a *pro se* level."  *See id.* at 13.  Therefore, Plaintiff asserts that he suffered actual harm because Defendant Woods' confiscation of this listing prevented him from "pursuing legal representation" in this case.  *See id.* at 16.

Moreover, Plaintiff argues that he was prejudiced despite the fact that he was able to file a complaint in this case because Defendants Woods confiscated his notes, diaries and drafts of complaints.  *See id.* at 17.  Plaintiff claims that, without these materials, he was unable to state relevant facts in his original complaint, and the Court dismissed his original complaint without consideration of the merits because "it was so technically deficient."  *See id.*  Plaintiff also notes that he filed an amended complaint, which Defendants now seek to dismiss for further technical

difficulties.  *See id.*  Therefore, Plaintiff argues that the Court should deny Defendants' motion to dismiss because Defendants caused the deficiencies by withholding his legal materials.  *See id.*

     In addition, Plaintiff claims that Magistrate Judge Lowe's conclusion that he was not prejudiced by the loss of exhibits that he intended to attach to his § 440.10 motion was in error for four reasons: (1) the Court recognized that the legal materials for the § 440.10 motion were lost as a result of Defendant Woods' confiscation; (2) the Court should have realized that filing the § 440.10 motion without the legal materials caused Plaintiff irreparable harm; (3) Plaintiff intended to use the confiscated legal materials as evidence with the motion; and (4) "there is a difference between destroying a 440.10 motion and destroying the legal exhibits/evidence that a plaintiff needs to support the motion."  *See id.* at 18-19.

     Finally, Plaintiff contends that Defendant Woods confiscated his legal documents, which were eventually lost, and that the loss of those papers caused him actual injury when Magistrate Judge Treece denied his motion to compel.  *See id.*

     A prisoner has a constitutional right of access to the courts, which is infringed when prison officials actively interfere with a prisoner's preparation of legal documents.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citations omitted).  "The tools . . . require[d] to be provided are those that the inmates need . . . in order to challenge the conditions of their confinement."  *Id.* at 355.  However, "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.*  Finally, for the claim of denial of access to the courts to be successful, a plaintiff must allege an actual injury.  *See id.* at 349.

     In his amended complaint, Plaintiff does not offer any factual allegations against

Defendants Woods, Fisher and LeClaire that satisfy Rule 8's pleading requirements.  Although he states that "factual prejudice and/or actual injury resulted from the denial of access to the courts" and that he has "factually demonstrated that he suffered prejudice by describing/pleading enough facts to state a claim for relief that is plausible on its face," Plaintiff offers no factual allegations to show that he is entitled to relief.  *See* Objections at 6, 14.  Nor does he demonstrate that he suffered any harm or injury.  Rather, as Magistrate Judge Lowe noted, Plaintiff was ultimately able to file his complaint even after Defendants allegedly confiscated his materials.  *See* Report-Recommendation at 12.[2]

Having conducted a *de novo* review of the record and broadly construing Plaintiff's amended complaint, the Court concludes that Plaintiff's allegations against Defendants Woods, Fisher and LeClaire do not state a constitutional claim for denial of access to the courts. Therefore, the Court adopts Magistrate Judge Lowe's recommendation and dismisses Plaintiff's claims against these Defendants.

**C.      Plaintiff's claims against the Doe Defendants and Defendant Alexander**

The Court notes, as a preliminary matter, that, after Magistrate Judge Lowe issued his Report-Recommendation, Defendant Alexander was successfully served on January 12, 2010.

---

[2] The Court also notes that, in the case in which Magistrate Judge Treece denied Plaintiff's motion to compel by Order dated April 9, 2007, *see Pacheco v. DeAcevedo*, 9:05-CV-998, Dkt. No. 56, in a Decision and Order dated March 31, 2010, Judge Suddaby granted in part and denied in part Defendants' motion for partial summary judgment, *see id.* at Dkt. No. 105, in response to which Plaintiff filed a motion for reconsideration, *see id.* at Dkt. Nos. 110, 112, which Judge Suddaby recently granted in part and denied in part, *see* Dkt. No. 120.  Defendants in that case have filed a second motion for summary judgment.  *See* Dkt. No. 111.  Plaintiff requested, and the court granted him, an extension of time in which to respond to that motion. *See* Dkt. Nos. 115, 116.  Plaintiff recently filed his response.  *See* Dkt. Nos. 118-119.

*See* Dkt. No. 81.  Defendant Alexander filed a motion to dismiss on January 28, 2010, *see* Dkt.

No. 83, to which Plaintiff filed a response, *see* Dkt. No. 88.  In a Report-Recommendation dated

May 5, 2010, Magistrate Judge Lowe recommended that this Court grant Defendant Alexander's

motion without leave to amend.  *See* Dkt. No. 89.  Plaintiff requested, and this Court granted, an

extension of time to object to Magistrate Judge Lowe's recommendation.  *See* Dkt. No. 90 &

Unnumbered Text Order dated on May 26, 2010.  In an Order dated August 9, 2010, this Court

accepted Magistrate Judge Lowe's May 5, 2010 Report-Recommendation in its entirety.  *See* Dkt.

No. 91.  Therefore, the Court rejects, as moot, Magistrate Judge Lowe's recommendation to

dismiss Plaintiff's claims against Defendant Alexander for failure to serve him within the

required time frame.

Since Plaintiff did not effect service on the Doe Defendants within the time frame that

Rule 4(m) of the Federal Rules of Civil Procedure requires, Magistrate Judge Lowe

recommended that the Court dismiss Plaintiff's claims against the Doe Defendants without

prejudice.  *See* Report-Recommendation at 13.

Plaintiff objects, claiming that he "was not provided with the fair opportunity to present

any fact in his 'Opposition to Defendant's Motion to Dismiss'" because Defendants did not raise

the issue in their motion.  *See* Objections at 20.  He states that this amounts to the Court

dismissing Defendants "without any party seeking redress over the issue."  *See id.* at 21.  Finally,

Plaintiff contends that he was not given the fair opportunity to obtain information from the Doe

Defendants in order to serve them in a timely manner.  *See id.* at 21-22.

"If a defendant is not served within 120 days after the complaint is filed, the court – on

motion or *on its own after notice to the plaintiff* – must dismiss the action without prejudice

against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The court shall, however, extend the time for service if the plaintiff has shown good cause for the failure to serve and will assist *pro se* incarcerated litigants with inquiries into the identifies of unknown defendants. *See Ruddock v. Reno*, 104 Fed. Appx. 204, 207 (2d Cir. 2004) (holding that the Marshals Service's failure to execute service may warrant an extension of time, but "[t]he Marshal needs from the prisoner information sufficient to identify the guard ('John Doe No. 23' won't do) . . . .").

In this case, Plaintiff has not offered any details that would help to identify the Doe Defendants. Furthermore, the Court has provided Plaintiff with several extensions of time in which to serve all Defendants in this case. *See* Unnumbered Dkt. Entry dated January 20, 2009; Dkt. No. 29; Dkt. No. 16. Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and dismisses Plaintiff's claims against the Doe Defendants without prejudice.

## IV. CONCLUSION

After reviewing the entire file in this matter, Magistrate Judge Lowe's August 31, 2009 Report-Recommendation and Plaintiff's objections thereto, as well as the relevant law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Lowe's August 31, 2009 Report-Recommendation is **ADOPTED** in part and **REJECTED** in part; and the Court further

**ORDERS** that Defendants Woods, Fisher and LeClaire's motion to dismiss Plaintiff's claims against them for failure to state a claim is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claims against the Doe Defendants are **DISMISSED without**

**prejudice** for failure to serve them within the required time frame pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and the Court further

ORDERS that Magistrate Judge Lowe's Report-Recommendation is **rejected as moot** insofar as he recommended that the Court dismiss Plaintiff's claims against Defendant Alexander for failure to serve him within the required time frame; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: September 9, 2010
          Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge