UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON MUSA PACHECO,

                            **Plaintiff,**

                   v.                                                     9:07-CV-850
                                                                          (FJS/GHL)

GEORGE E. PATAKI, ELLIOT SPITZER,
ANTHONY ELLIS, GEORGE B. ALEXANDER,
E. WOODS, BRIAN FISHER, LUCIEN J.
LECLAIRE, JR., ROBERT DENNISON,
Chairman of the Parole Board, and JOHN
and/or JANE DOES,

                            **Defendants.**
_____

**APPEARANCES**                                        **OF COUNSEL**

**MILTON MUSA PACHECO**
**79-B-0064**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **KRISTA A. ROCK, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Magistrate Judge Lowe's January 26, 2010 Report-

Recommendation and Order and Plaintiff's objections thereto. *See* Dkt. Nos. 82, 86.

## II. BACKGROUND

In this action, that Plaintiff filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges, among other things, that Defendants George E. Pataki, Elliot Spitzer, Anthony Ellis, and Robert Dennison ("Defendants") violated his civil rights by denying him parole pursuant to an unwritten state-wide policy.[1]  Defendants moved to dismiss the claims against them for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff opposed that motion.

Plaintiff's claims against Defendants arise from the denial of parole in 2004 and 2006.  Specifically, Plaintiff alleges that Defendant Pataki, by instituting an unwritten policy of denying parole to violent offenders based solely on the facts of the commitment offense, deprived him of his rights to due process, equal protection, access to the courts, freedom from cruel and unusual punishment and to petition the government.  He claims that Defendant Ellis took too long to affirm the denial of parole and failed to respond to a letter.  Finally, he contends that Defendant Dennison failed to respond to a letter regarding the denial of parole.  After reviewing all of Plaintiff's claims, Magistrate Judge Lowe recommended that the Court grant Defendants' motion to dismiss without leave to amend.  *See* Report-Recommendation and Order at 14.  Plaintiff filed timely objections to these findings and recommendation.  *See* Dkt. No. 86.

---

[1] Plaintiff asserted claims against several other Defendants, which the Court has previously dismissed.  *See* Dkt. Nos. 91-92.

### III. DISCUSSION

**A.     Plaintiff's due process claim**

Magistrate Judge Lowe analyzed Plaintiff's due process claim and found that, because "a decision based solely on an inmate's conviction offense is not arbitrary . . . [Plaintiff's] complaint [did] not allege facts plausibly suggesting that Defendants acted arbitrarily[.]" *See* Report-Recommendation and Order at 9. Therefore, he recommended that the Court grant Defendants' motion and dismiss Plaintiff's due process claim. *See id.*

Plaintiff objects to Magistrate Judge Lowe's findings regarding his due process claim on several grounds. First, he argues that Defendants violated his procedural due process rights by using and enforcing unlawful and incorrect procedures when they denied him parole. *See* Plaintiff's Objections at ¶ 7. Second, he asserts that Defendants violated his substantive due process rights, arguing that § 8002.3(b) of Title 9 of New York Codes, Rules and Regulations creates a liberty interest. *See id.* at ¶ 31. Finally, he contends that, even if Magistrate Judge Lowe did not recognize that prisoners enjoy a due process right under the parole scheme set forth in New York Executive Law § 259-i, prisoners do have a limited due process right not to be denied parole arbitrarily or capriciously, on the basis of a protected classification or on an irrational distinction. *See id.* at ¶ 45.

In light of Plaintiff's specific objections, the Court has reviewed the record *de novo*. Having done so, it finds, as did Magistrate Judge Lowe, that Plaintiff has failed to state a due process claim. Accordingly, the Court accepts Magistrate Judge Lowe's recommendation and grants Defendants' motion to dismiss this claim.

### B.     Plaintiff's equal protection claim

Plaintiff alleges that Defendant Pataki violated his right to equal protection by instituting a policy mandating the denial of parole for all violent offenders. Magistrate Judge Lowe found that "[t]he rational basis for a distinction between violent and nonviolent offenders is 'obvious: preventing the early release of potentially violent inmates.'" *See* Report-Recommendation and Order at 9 (quotation and other citation omitted). Therefore, he recommended that the Court dismiss this claim.

In his objections, Plaintiff asserts that, because he is a "class of one," he has an equal protection claim. *See* Plaintiff's Objections at ¶ 70. In support of this position, Plaintiff argues that his do-defendant (Mr. Orlando Rosario) was convicted of the crime of murder in the second degree and was paroled after serving only eighteen years, whereas Defendants denied him parole even though he and his co-defendant are similarly situated. *See id.* at ¶ 71.

"'[T]o succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.'" *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59-60 (2d Cir. 2010) (quotation omitted).

In this case, there is no evidence in the record to support Plaintiff's argument that Defendants' motivation to deny him parole was the result of spite, malice, or a desire to "get" him for any reason unconnected to a legitimate state objective. In addition, Plaintiff has not provided any facts to support his contention that Defendants treated him differently from his co-

Defendant, with whom he claims he was similarly situated. Finally, Plaintiff has not set forth any facts to demonstrate that he was, in fact, similarly situated to his co-Defendant.[2] Therefore, the Court accepts Magistrate Judge Lowe's recommendation and dismisses this claim.

**C.     Plaintiff's access to the courts/right to petition the Government claims**

Plaintiff alleges that Defendants violated his constitutional right to access the courts and to petition the Government. It appears that these claims are based on Plaintiff's assertion that Defendants failed to respond to his grievances about the denial of his parole to his satisfaction. These claims may also be based on Plaintiff's assertion that Defendant Ellis did not respond to his formal appeal of his parole decision within the 120-day deadline set out in New York's regulations. Whatever the basis for these claims, Magistrate Judge Lowe concluded that Plaintiff's allegations did not state constitutional claims. *See* Report-Recommendation and Order at 11-12. Therefore, he recommended that the Court dismiss these claims. *See id.*

Plaintiff objects to these findings and recommendation on several grounds. However, none of Plaintiff's arguments has any merit. The record makes clear that Defendants neither denied him access to the courts nor prevented him from petitioning the Government. Accordingly, the Court accepts Magistrate Judge Lowe's recommendation and dismisses these claims.

---

[2] The Court also notes, that if, as Plaintiff asserts, he is similarly situated to his co-Defendant, who was released on parole after serving only eighteen years, this would appear to defeat Plaintiff's argument that the State has a policy of summarily denying parole to violent offenders because it appears that Plaintiff's co-Defendant would be considered a violent offender.

### D.   Plaintiff's Eighth Amendment claim

Plaintiff alleges that Defendant Pataki violated his Eighth Amendment rights by instituting a policy of denying parole to violent offenders. Magistrate Judge Lowe concluded that, because Plaintiff's sentence of imprisonment was within the limits of a valid state statute, Plaintiff did not have an Eighth Amendment claim. *See* Report-Recommendation and Order at 13. Therefore, he recommended that the Court dismiss that claim. *See id.*

Plaintiff did not file any objections to this recommendation. Magistrate Judge Lowe's findings and recommendation with regard to this claim are correct. Therefore, the Court accepts his recommendation and dismisses this claim.

### E.   Defendants' other arguments and leave to amend

Magistrate Judge Lowe noted that, based on his findings that the Court should dismiss Plaintiff's claims on their merits, he did not need to "address Defendants' arguments regarding the Eleventh Amendment, the propriety of substituting current officers for the official capacity claims against former office holders, the potential mootness of claims for injunctive relief against former officer [sic] holders, absolute immunity, qualified immunity, and the applicability of *Heck v. Humphrey*." *See* Report-Recommendation and Order at 13.

Furthermore, after acknowledging that a court should generally not dismiss a *pro se* complaint without giving the pleader an opportunity to amend at least once, he noted that Plaintiff had already amended his complaint and that the problem with Plaintiff's causes of action was substantive and, thus, better pleading would not cure it. *See id.* at 13-14. Therefore, he recommended that the Court grant Defendants' motion to dismiss without providing Plaintiff

with the opportunity to amend. *See id.* at 14.

Plaintiff objects to Magistrate Judge Lowe's failure to address Defendants' remaining arguments. *See* Plaintiff's Objections at ¶ 74. He also argues that his complaint indicates that he might be able to state a valid claim if the Court allows him to amend. *See id.* at ¶ 76.

After carefully reviewing the allegations in Plaintiff's amended complaint, as well as his objections to Magistrate Judge Lowe's findings and recommendations, the Court concludes that there is nothing in the record to indicate that there is any possibility that Plaintiff could state a claim for relief against Defendants. Therefore, the Court finds that amendment would be futile. Accordingly, the Court accepts Magistrate Judge Lowe's recommendation and will not grant Plaintiff leave to amend.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Lowe's Report-Recommendation and Order, Plaintiff's objections, and the applicable law, and for the reasons stated in Magistrate Judge Lowe's Report-Recommendation and Order as well as in this Memorandum-Decision and Order, the Court hereby

**ORDERS** that Magistrate Judge Lowe's January 26, 2010 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants Pataki, Spitzer, Ellis, and Dennison's motion to dismiss Plaintiff's claims against them is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in this case in favor of **all** Defendants and close this case; and he Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2010
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge